■ In the Matter of the Claim of RALPH HOLTY, Respondent, v JEWISH COMMUNITY CENTER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed December 31, 1975, September 23, 1976 and April 22, 1977. The board found: "The employer had timely oral notice when claimant advised his immediate supervisor, Mr. Shayne, that he was ill during the period of time that he was helping clean out the basement and that he was going to the hospital, and that his immediate supervisor, Mr. Shayne, had knowledge of claimant's accidental injury and claimant's injury of July 26, 1972 is causally related to his employment." There is substantial evidence to sustain the determination of the board. *Decisions affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier.* Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.

■ In the Matter of the Claim of PAULINE LUSTGARTEN, Respondent, v VICTOR PLUMBING SUPPLY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 12, 1976, which reversed a referee finding that claimant's decedent's death did not result from an accident arising out of and in the course of employment. The board found that: "[B]ased upon the credible testimony, particularly that of Mr. Foreman, to the effect that claimant periodically, as much as 2 or 3 times a month, would deliver plumbing supplies to him, in a manner similar as on the day of assault, which resulted in his death, and, that this did constitute an accident arising out of and in the course of employment." Substantial evidence supports this determination. *Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier.* Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.